## IN THE MATTER OF THE TRUST ESTATE OF E. COIT HOBRON.

## No. 1158.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED APRIL 24, 1919.                    DECIDED MAY 1, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

TRUSTS—*expenses*—*attorney's fee.*

> H by deed of trust conveyed his property to L as trustee reserving to himself the income from the estate less expenses

necessarily incurred in the conduct and management of the trust estate. A vacancy in the trusteeship occurred. Held that an attorney's fee for services rendered in securing the appointment of a new trustee should be paid out of the income and not out of the corpus of the estate.

OPINION OF THE COURT BY COKE, C. J.

This is an appeal from an order of the first judge of the circuit court of the first judicial circuit presiding at chambers in equity directing the payment of $75 out of the corpus of the trust estate as an attorney's fee for services rendered by the attorneys for the guardian of E. Coit Hobron, the trustor and life beneficiary under a deed of trust, in securing the appointment of a trustee in succession to E. C. Peters, trustee, resigned. The amount of the attorney's fee allowed is not questioned. The sole point presented by the appeal involves the propriety of the order directing the payment of the attorney's fee out of the corpus of the estate instead of out of the income thereof. In February, 1915, E. Coit Hobron conveyed to Alexander Lindsay, Jr., as trustee, an estate of the value of about $21,000 under a trust deed, from which, for a proper understanding of the question involved, the following paragraphs are quoted:

"First. Said trustee shall, at any time he sees fit, have the power to sell said shares of stock, and invest and reinvest the funds derived from such sale in such other securities as he shall see fit, with power in his discretion to vary such investments from time to time.

"Second. All income derived from said trust fund, less expenses necessarily incurred in the conduct and management of said trust estate, shall, during the life time of said party of the first part, be paid by said trustee to said party of the first part.

"Third. After the death of said party of the first part, said trustee shall pay over all the income derived from said trust fund, less expenses necessarily incurred in the

conduct and management of said trust, to Martha W. Hobron, daughter of said party of the first part until she shall attain the age of thirty years.

"Fourth. When the said Martha W. Hobron shall attain the age of thirty years, the trust hereby created shall terminate and all of the property comprising said trust estate at that time held by said trustee shall be transferred and delivered by said trustee to said Martha W. Hobron free and clear of the trust hereby created."

Some time subsequent to his appointment Mr. Lindsay resigned as trustee and E. C. Peters was duly appointed in his stead. In September, 1918, the trustor, Hobron, was adjudged an incompetent person and E. R. Davis was duly appointed guardian of his person and estate. Thereafter E. C. Peters resigned as trustee and Hobron, by his guardian, filed a bill in equity praying for the appointment of a trustee to succeed Mr. Peters, the result being that the Trent Trust Company, Limited, was appointed trustee in succession to Peters. The attorneys who conducted this proceeding for the petitioner were allowed the sum of $75 as an attorney's fee, which was by the circuit judge ordered to be paid out of the corpus of the estate. Martha W. Smith (nee Martha W. Hobron), one of the beneficiaries named in the trust deed, appealed from this order. The husband of Martha W. Smith, Francis H. Smith, joins her as party-appellant.

Numerous authorities, some of which are conflicting, have been cited by respective counsel, but the merits of this controversy can readily be determined by recourse alone to the language employed in the deed, for it must be conceded that if the intention of Mr. Hobron can be gathered from the instrument itself the intention thus expressed must prevail. It appears to us that the deed of trust clearly indicates the fund from which the attorney's fee involved in this controversy should be paid. First we observe an intention on the part of Hobron to have the

corpus of the estate maintained intact and a further intention clearly expressed in paragraphs two and three of the trust deed to have paid out of the income of the estate all necessary expenses incurred in the conduct and management of the estate. Certainly the proper conduct and management of the estate required the appointment of a trustee in the place of the trustee who had resigned. It cannot well be contended that the trust estate could be either properly conducted or properly managed without a trustee clothed with authority to act and it follows that the expenses properly incurred in securing the appointment of a trustee in succession to one who has resigned are necessarily incurred in the conduct and management of the trust estate. We are unable to agree with counsel for appellee that this expense is either extraordinary or unusual or that the same was not contemplated by Mr. Hobron when he executed the trust deed, for it must have been in his mind at the time that before the end of the trust period one or more vacancies in the trusteeship would, or might, occur. His purpose therefore, as expressed in the deed, was to have the expense incidental to the appointment of a new trustee, in case of a vacancy in the trusteeship, paid out of the income of the estate and not out of the corpus thereof.

The order appealed from is reversed and set aside and the cause remanded to the court below for further proceedings consistent with this opinion.

*W. T. Carden* for the appellants.

*Watson & Clemons* for the guardian.